# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HANNA,<br><br>        Plaintiff,<br><br>  vs.<br><br>RON DAVIS, et al.,<br><br>        Defendants. | 1:14cv01339 DLB PC<br><br>ORDER REGARDING PLAINTIFF'S<br>MOTION FOR INJUNCTION<br><br>(Document 2) |

Plaintiff Timothy Hanna ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this action on August 28, 2014. Plaintiff names Warden Ron Davis, Lt. Perry, Psychologist Lawrence, Inmate Appeals officer M. Wilson, Appeals Coordinator K. Kostecky, Mental Health Services Does, and the California Department of Corrections and Rehabilitations ("CDCR") as Defendants.[1]

Also on August 28, 2014, Plaintiff filed a motion for an injunction to enjoin Warden Davis from imposing discipline.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on September 5, 2014.

By separate order, the Court has screened Plaintiff's complaint and dismissed it with leave to amend. Plaintiff was permitted to amend only the Eighth Amendment claim against Defendant Lawrence.

## DISCUSSION

### A. LEGAL STANDARD

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir.2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to

determine the rights of persons not before the court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir.1985) (emphasis added).

**B.      ANALYSIS**

In his motion, Plaintiff asks the Court to stop Warden Davis from imposing any discipline related to the guilty finding on his Rules Violation Report. The discipline included a 30-day loss of credit.

Plaintiff's underlying claim related to the disciplinary hearing, however, has been dismissed by separate order under the favorable termination rule. Heck v. Humphrey, 512 U.S. 477, 489, 114 S.Ct. 2364 (1994) (until and unless favorable termination of the conviction or sentence occurs, no cause of action under ' 1983 exists). Therefore, as the underlying action forms the basis of the limits on the Court's jurisdiction, the Court does not have jurisdiction to grant the relief requested.

**ORDER**

For these reasons, Plaintiff's motion for injunctive relief is DENIED.

IT IS SO ORDERED.

Dated:   **September 10, 2014**                    /s/ *Dennis L. Beck*
                                                                    UNITED STATES MAGISTRATE JUDGE