# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HANNA, | Case No. 1:14-cv-01339 DLB |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | (Document 16) |
| RON DAVIS, et al., | |
| Defendants. | |

Plaintiff Timothy Hanna ("Plaintiff"), a state prisoner proceeding pro se, filed this action on August 28, 2014. On September 10, 2014, the Court screened Plaintiff's complaint and dismissed it with leave to amend. Plaintiff's November 20, 2014, First Amended Complaint is awaiting screening.

On September 29, 2014, Plaintiff filed a motion to grant inmate Thomas Bodnar "next friend" standing. Plaintiff stated that he is indigent and untrained in the law, and requested that Inmate Bodnar be given standing to "proceed on separately filed and related documents..." ECF No. 11, at 2.

The Court denied the motion on October 15, 2014.

On December 1, 2014, Plaintiff filed an "opposition" to the Court's denial. He requests reconsideration of the Magistrate Judge's order by the District Court. However, Plaintiff consented to the jurisdiction of the United States Magistrate Judge on September 5, 2014, and District Court review is therefore not available. Local Rule 305(c).

The Court will review Plaintiff's request under Rule 60(b).

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir.2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control. . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Ci r.2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir.1987).

Here, Plaintiff argues that this Court should have granted his request to permit inmate Bodnar to prosecute this action on his behalf. Plaintiff cites Federal Rule of Civil Procedure 17(c), which governs representation of an incompetent person or minor. As the Court previously held, there is no indication that Plaintiff is incompetent.

Plaintiff now explains that his crime puts his life in danger, and he cannot talk to anyone about his legal situation. Plaintiff has received help from Inmate Bodnar and contends that "next friend" status is now necessary because Plaintiff has been transferred to a different institution.

1  Plaintiff suggests that if he has to seek the help of another inmate, his life may be placed in
2  danger.
3      While the Court recognizes Plaintiff's concerns, they are not grounds to appoint someone
4  else to proceed on his behalf.  Again, the purpose of Rule 17(c) is to protect an *incompetent*
5  person's interests in prosecuting or defending a lawsuit.  See Davis v. Walker, 745 F.3d 1303,
6  1310 (9th Cir. 2014).
7      The Court also notes that "next friend" status, as characterized by Plaintiff, is generally a
8  tool used in petitions for writs of habeas corpus.  In any event, "next friend" status also requires an
9  "adequate explanation- such as inaccessibility, mental incompetence, or other disability- why the
10 real party in interest cannot appear on his own behalf to prosecute the action" Whitmore v.
11 Arkansas, 495 U.S. 149, 163-164 (1990).  That Plaintiff may have a more difficult time
12 prosecuting this action after his transfer is not grounds for "next friend" status.
13     Plaintiff's motion is therefore DENIED.
14
15 IT IS SO ORDERED.
16     Dated:   **December 8, 2014**              /s/ Dennis L. Beck
17                                       UNITED STATES MAGISTRATE JUDGE

3